IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| KAREN ROSE, | |
|---|---|
| Plaintiff, | Case No. 2:09-cv- 02074 - PHX - TMB |
| vs. | |
| MICHAEL J. ASTRUE, | ORDER AND OPINION |
| Commissioner of Social Security, | |
| Defendant. | |

## I. MOTION PRESENTED

Plaintiff Karen Rose ("Rose") applied to the Social Security Administration ("SSA") for disability insurance benefits and SSI in March of 2003.[1] After an unfavorable final judgment by the SSA, Rose sought judicial review, pursuant to which case was remanded because the Administrative Law Judge ("ALJ") had failed to apply the law correctly in making evidentiary and credibility findings.[2] On remand, the ALJ again issued an unfavorable decision,[3] and the Appeals Council denied review.[4] Rose filed a complaint challenging the second final decision of the SSA.[5] Thereafter, Rose filed a motion for summary judgment at docket 16 requesting that the case be remanded to SSA for award of benefits. Defendant Michael J. Astrue ("Commissioner") filed a motion objecting to remand at Docket 17. Rose replied to the Commissioner's motion at

---

[1]Docket 1; Administrative Record ("AR") 63-64.

[2]AR 484-516.

[3]AR 14-25.

[4]AR 8-10.

[5]Docket 1.

Docket 28. For the reasons stated below, the case is remanded for new proceedings.[6]

## II. RELEVANT BACKGROUND

Rose filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). After being denied initially and on reconsideration, an ALJ denied her claim in a decision dated May 23, 2005. When the Appeals Council denied her request for review, the ALJ's decision became the final decision of the Commissioner,[7] and Rose timely filed a request for review.[8]

On review, the United States District Court for the District of Arizona reversed the Commissioner's final decision.[9] The Court held on remand that "the ALJ made only general findings that Plaintiff was not credible" because they were not supported by objective medical evidence and that "the ALJ did not state that Dr. Gibson's opinion was contradicted[,] only that the limitations assessed by Dr. Gibson were not supported by her records or the remainder of the record," which was not a "specific and legitimate" reason for discounting the opinion of a treating physician, especially as "the ALJ's reasoning was cursory and the record contains substantial evidence supporting [Dr.] Gibson's assessment."[10] The ALJ was instructed on

---

[6]Oral argument was not requested and would not assist the court.

[7]*Baston v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193 n.1 (9th Cir. 2004) (citing 20 C.F.R. §404.981).

[8]42 U.S.C. §405(g).

[9]CV 06-1885-PHX-EHC, Jan. 26, 2008.

[10]AR 515.

remand to reassess Rose's testimony and credit Dr. Gibson's assessment, and accordingly to reassess Rose's residual functional capacity ("RFC").

After a second hearing on June 16, 2008, the ALJ issued a second unfavorable decision dated August 28, 2008.[11] The second decision was substantially similar to the first, as demonstrated by the plaintiff's brief at Dkt. 16, pages 3-5. Again finding Rose not credible, the ALJ on remand determined that objective medical evidence did support some impairment, but not to the extent alleged.[12] Having found Rose not credible, and having assigned Dr. Greenfield's assessment greater weight than Dr. Gibson's assessment (both doctors were treating physicians), the ALJ found that Rose's RFC permitted her to return to her previous employment, and was thus not disabled.[13]

Rose was 63 years old at the last date insured, with some college education and past relevant work as a certified legal assistant and administrative assistant/application specialist.[14] Rose injured her right knee in a 1994 fall, which degenerated over the next several years.[15] Rose's left knee and back also worsened over the next several years.[16] In June of 2001 she stopped working.

---

[11]AR 704-742, 457-467.

[12]AR 464-65.

[13]AR 465-66.

[14]AR 63, 81, 413-14, 710-11, 77, 85-90, 95-102, 415-17, 721-25.

[15]AR 417-19.

[16]*Id.*

### III. STANDARD OF REVIEW

The Social Security Act provides for payment of DIB to people who have contributed to the Social Security program and who suffer from a physical or mental disability.[17] Upon denial of disability benefits after a hearing by an Administrative Law Judge ("ALJ"), a claimant may request that the SSA Appeals Council review the ALJ's decision.[18] A person is not disabled if he or she is capable of engaging the "substantial gainful work which exists in the national economy."[19]

On *de novo* review, a district court may enter, upon the pleadings and a transcript of the record, a judgment affirming, modifying, or reversing the ALJ's decision, with or without remanding the case for a rehearing.[20] On *de novo* review, the district court may enter, upon the pleadings and a transcript of the record, a judgment affirming, modifying, or reversing the ALJ's decision, with or without remanding the case for a rehearing.[21] The district court must uphold the ALJ's decision if it is supported by substantial evidence and the ALJ has applied the correct legal standards.[22] When the claimant is clearly disabled, the claimant is entitled to benefits, and the

---

[17] 42 U.S.C. § 423(a)(1).

[18] 20 C.F.R. § 404.967.

[19] 42 U.S.C. § 423(d)(2).

[20] 42 U.S.C. §405(g).

[21] *Id*.

[22] *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2001). See also *Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992) (citing *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990)).

Court may direct the Agency to award them on remand.[23]

## IV. DISCUSSION

Rose objects to the ALJ's credibility determination and evaluation of the medical evidence, especially that of Dr. Gibson, whose opinion the ALJ had been ordered to credit on remand but discounted with vague and legally impermissible reasons. This Court agrees with both objections and will remand for the reasons explained below. On remand the ALJ is directed to credit Dr. Gibson's assessment and to reevaluate the testimony given by Rose in the second hearing held on June 16, 2008. The ALJ is directed to make an RFC finding consistent with the opinions on record of both treating physicians Drs. Gibson and Greenfield. If the ALJ's RFC finding varies from either opinion, the ALJ is directed to clearly state what legally permissible reason for the discrepancy exists. Based on this new RFC finding, the ALJ may then rely on the June 16, 2008 vocational expert testimony or hold any further proceedings necessary to determine whether Rose can return to past relevant work or obtain other substantial gainful employment.

1. Rose's June 16, 2008 Testimony Should Have Been Found Credible

Rose made the following pertinent statements that the ALJ found not credible to the extent that they differed from the RFC finding. In her March 2003 disability report, she reported that the pain in her right knee prevented extended periods of sitting, standing, and propping her

---

[23] *Strauss v. Comm'r of Soc. Security*, __ F.3d __, 2011 WL 1108221 (C.A.9 (Or.)) (citing *Benecke v. Barnhart,* 379 F.3d 587, 590 (9th Cir.2004).

5

knee, and that varicose veins in her right leg similarly restricted her ability.[24] A self-reported questionnaire dated May 27, 2003 indicates that she had trouble cleaning herself or her house.[25] She could shop for groceries and wash laundry with assistance from her husband, and run errands by herself.[26] She was reported to have worsened on reconsideration, with more pain and poor sleep leading to less energy.[27] By December of 2003, she exercised her back and knee daily, still prepared meals, but needed more help from her husband to perform activities of daily living.[28]

At her March 23, 2005 hearing, she testified that she had to cut back her hours at work due to difficulties sitting and walking up stairs after knee issues from her two falls and back problems.[29] She also reported developing varicose veins in her right leg and arthritis in her neck and right hand.[30] She stated that she had cut her work to part-time due to pain around 2000, and stopped working to see if she could recover in 1999 and then again in 2001, but that her pain still grew progressively throughout the day.[31] Her testimony at the second hearing, held on June 16, 2008, was substantially similar, although Rose reported that the varicose veins in her right leg

---

[24] AR 84.

[25] AR 103-04.

[26] *Id.*

[27] AR 108, 111.

[28] AR 115-16.

[29] AR 417-19.

[30] AR 422-23.

[31] AR 428-30.

6

had become more discomforting, causing her to have more trouble sitting for long periods.[32]

The ALJ found that Rose's testimony concerning the "intensity, persistence and limiting effects of [her] symptoms" were not credible to the extent that they differed from the decision's RFC finding "for the reasons stated below."[33] The Commissioner argues that the ALJ's interpretation of the evidence is reasonable and supported by substantial evidence, although fails to explicate (and this Court could not find) what testimony was not credible and what evidence undermined it. The ALJ apparently believed that Rose's thrice weekly rehabilitative exercise, reported lack of "acute distress," holiday meal preparation leading to right shoulder pain, and prescription to ambulate on the plane if traveling indicated that Rose was not limited to the extent she alleged.[34]

Interpreting these agency regulations and rulings, the Ninth Circuit has held that it is the prerogative of the ALJ to evaluate the claimant's credibility.[35] "Generally, questions of credibility and resolution of conflicts in testimony are functions solely for the agency."[36] That said, the case can be remanded because the ALJ failed to explain how this evidence related specifically to any testimony.[37] Alternatively, it should be remanded because the evidence identified by the ALJ does not undermine Rose's testimony, which *admitted* to exercise, travel and meal preparation. The ALJ "cannot insulate ultimate conclusions regarding disability from

---

[32] AR 717-30.

[33] AR 465-66.

[34] *Id.*

[35] *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007).

[36] *Id*.

[37] Social Security Ruling (SSR) 96-7p, available at 1996 WL 374186, at *4.

review by turning them into questions of 'credibility.' "[38] It is not enough to merely list multiple factors to discredit pain testimony without explaining how those factors affected the claimant's credibility.[39] The ALJ's finding is not supported by substantial evidence, and the decision is legally insufficient because it fails to explain how the ALJ arrived at his findings.[40] The decision does not make a reasonable inference from the evidence and is reversed.

2. The ALJ Failed to Properly Credit the Assessment of Dr. Gibson As Previously Directed

On first remand, the ALJ was instructed to treat Dr. Gibson's opinion statement favorably to Rose. Yet the second decision again relies on a comparison of Dr. Gibson's opinion to treating physician Dr. Greenfield, who diagnosed a less serious impairment to Rose's knees, back and shoulder. The ALJ did not explicitly resolve the discrepancies Drs. Greenfield, McPhee, and Gibson's assessments of Rose's impairments or explain how the discrepancies between these assessments were resolved. The ALJ must set out a " 'detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.' "[41] The ALJ is not required to discuss each item of evidence, but he must explain why "significant probative evidence has been rejected."[42] But the ALJ, largely without explication and in

---

[38]*Jones v. Heckler*, 760 F.2d 993, 997 (9th Cir.1985); *see also Hammock v. Bowen*, 867 F.2d 1209, 1214 (9th Cir.1989).

[39] *Cooper v. Sullivan*, 880 F.2d 1152, 1158 n. 13 (9th Cir.1989).

[40]*Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir.2001).

[41]*Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983); *Morgan*, 169 F.3d at 600-01 (quoting Magallanes, 881 F.2d at 750).

[42]*Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir.1984).

8

violation of the remand order, made an RFC finding that largely contradicts Dr. Gibson. An ALJ effectively rejects a treating physician's opinion where he ignores it in his opinion and makes contrary findings. "[The] failure to offer reasons for doing so [is] legal error."[43]

The RFC finding did not include specific and legitimate reasons for crediting Dr. Greenfield's opinion while ignoring the remand instructions to treat Dr. Gibson's opinions with deference. The Commissioner's decision is reversed with instructions to defer to Dr. Gibson's medical opinion. If the ALJ's RFC finding varies from Dr. Gibson's opinion, the ALJ must give a legally permissible reason for the variance.

## V. CONCLUSION

For the reasons set forth above, the Plaintiff's Motion for Summary Judgment at Docket 16 is GRANTED. This case will be remanded to the Commissioner for further proceedings not inconsistent with this opinion.

DATED, this 3rd day of August, 2011.

/s/ Timothy M. Burgess
JUDGE TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[43] *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir.1996).